Argued and submitted August 21, reversed and
remanded December 21, 1981, reconsideration denied March 11,
petition for review allowed April 20, 1982 (292 Or 863)
See later issue Oregon Reports

In the Matter of the Marriage of

# TAVARES, aka Bordier,
*Appellant,*
*and*
# TAVARES,
*Respondent.*

## (No. 80-8-317, CA A20093)

637 P2d 929

David A. Kushner, Estacada, argued the cause and filed the
brief for appellant.

John C. Anicker, Jr., Oregon City, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Petitioner was awarded, in a California dissolution of marriage decree, custody of the parties' four minor children and child support for each child until the age of 18. Petitioner sought to register and modify that decree in Oregon to increase the amount of child support and to extend the period of support for each child to the age of 21, as long as the child was attending school full-time. At the time petitioner filed her motion, the oldest child had reached the age of 18, and respondent father had stopped paying support for her. The trial court increased the amount of child support for the three children who had not reached the age of 18 but refused to extend the child support obligation until the children were 21, on the ground that it had no authority to do so. Petitioner appeals the refusal of the trial court to grant the extended period of child support. Respondent does not cross-appeal the increase in the support award.

■    ORS 107.108(1) provides that an Oregon court may provide for support or maintenance of a child attending school. Subsection (4) of that statute provides:

> "As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment."

It is clear, from *Eusterman and Eusterman,* 41 Or App 717, 598 P2d 1274 (1979), that an Oregon trial court has the authority to modify an Oregon decree to provide for support for a child attending school until the age of 21, either as "post-18 support at any time until the child reaches age 21," *Eusterman and Eusterman, supra,* 41 Or App at 723, or "for the 18 to 21 period, even though the child in question is under 18 years of age." *Eusterman and Eusterman, supra,* 41 Or App at 725.

Petitioner's decree is a foreign decree, however. The trial court based its decision to deny the extension of support on ORS ch 110, Reciprocal Enforcement of Support, specifically, ORS 110.022(3), which provides:

" 'Duty of support' means a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to a proceeding for dissolution, separation, separate maintenance, or otherwise and includes, but is not limited to, the duty to pay arrearages of support past due and unpaid and the duty to pay support for a 'child attending school' as defined in subsection (4) of ORS 107.108 where the other jurisdiction imposes the same or substantially similar duty of support."

In addition, ORS 110.071 provides:

"Except as provided in subsection (3) of ORS 110.022, duties of support applicable under this chapter are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown."

Respondent obligor has remained a California resident. California law provides only that a court may order "support of a minor child" and does not impose a duty of support for "a child attending school" similar to that imposed in Oregon. *See In re Marriage of Lieberman,* 114 Cal App 583, 170 Cal Rptr 757 (1981); *In re Marriage of Pilcher,* 51 Cal App 142, 123 Cal Rptr 868 (1975); Calif Civ Code § 4700, § 4351, § 25 (West 1980).[1]

ORS 110.277(1) makes it clear that a foreign support order registered in Oregon has only "the effect * * * provided in [ch 110]." However, once that judgment is registered, it is subject to the same "procedures, defenses and proceedings for reopening, vacating or staying" as a judgment of a court of this state. ORS 110.281(1).[2] Modification of the registered judgment, therefore, is governed by ORS chapter 107, specifically by ORS 107.135(1)(a):

---

[1] For a general view of the effect of the statutory change of the age of majority on the duty of support, *see* Annot., 75 ALR 3d 228.

[2] ORS 110.281(1) provides:

"Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner."

"The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party;

"* * * * *"

This is, in fact, the statute relied upon by petitioner in her motion to show cause. Husband was served, as required by ORS 107.135(1), and appeared generally.

The court, having both parties before it, allowed the registration of the judgment under Chapter 110 and then allowed modification of the decree to provide for increased child support for the three minor children. The California decree having been registered in Oregon, the court then *also* had jurisdiction, pursuant to ORS 107.135(1)(a) and *Eusterman,* to award child support for the children during the time they are over the age of 18 and attending school.

Because the trial court denied support for the child over 18, while increasing support for the three minor children, we cannot determine what amount of child support the court might have awarded for all four children, including their education. We, therefore, remand to the trial court for reconsideration.

Reversed and remanded. No costs to either party.